IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TAMMY TRIM,
     Plaintiff,

vs.                         Case No.: 5:11cv267/RS/CJK

DOLLAR TREE STORES, INC.,
     Defendant.

---

## ORDER AND
## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff, then represented by counsel, commenced this employment discrimination action on August 1, 2011, by filing a complaint (doc. 1) under 42 U.S.C. §§ 2000e-5 and 1981a. Defendant filed its answer (doc. 4) on August 30, 2011.  On August 31, 2011, the court issued an initial scheduling order (doc. 5), setting an approximate discovery deadline of February 14, 2012, and scheduling trial for May 7, 2012, or May 21, 2012.  Plaintiff's counsel moved to withdraw (doc. 11) on September 26, 2011.  The motion to withdraw was granted by order (doc. 12) dated September 27, 2011.  A scheduling and mediation order (doc. 14) dated September 29, 2011, set a discovery deadline of January 24, 2011, and scheduled the matter for a jury trial on May 21, 2012.  The court entered a pretrial order (doc. 17) on October 11, 2011, setting a pretrial conference for May 14, 2011.

On October 28, 2011, defendant moved pursuant to FEDERAL RULE OF CIVIL PROCEDURE 37 to compel discovery (doc. 20).  Defendant requested entry of an order compelling plaintiff to provide responses to defendant's discovery requests, initial disclosures in accordance with the scheduling and mediation order, and dates for plaintiff's deposition.  Defendant also moved for sanctions against plaintiff.  The court entered an order (doc. 21) on November 1, 2011, directing plaintiff to show cause on or before November 16, 2011, why the relief sought by defendant's motion to compel (doc. 20) should not be granted.  The court warned defendant that failure to respond would result in an order granting relief and sanctions.  Plaintiff, however, failed to respond or explain her inability to do so.

On November 17, 2011, defendant filed a motion to dismiss (doc. 24) for plaintiff's failure to respond to the show cause order (doc. 21) and failure to attend her scheduled deposition on November 14, 2011.  Defendant filed an affidavit of nonappearance (doc. 25) documenting plaintiff's failure to appear for the purpose of giving a deposition.  On November 21, 2011, this court entered a second show cause order (doc. 26), directing plaintiff to show cause on or before December 8, 2011, why this action should not be dismissed, and costs assessed, for plaintiff's failure to comply with discovery, including failure to appear for her deposition, and for failure to prosecute.  "If plaintiff does not respond," the court warned, "the undersigned will recommend that the complaint be dismissed."  To date, plaintiff has failed to respond or explain her inability to do so.

"The district court has broad discretion to control discovery." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("The district court . . . has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction.").  "This power includes the ability to impose sanctions on uncooperative

litigants." *Phipps*, 8 F.3d at 790.  Moreover, a litigant's *pro se* status will not excuse her noncompliance with discovery orders.  *See United States v. Varnado*, No. 11–10813, 2011 WL 5248163, at *2 (11th Cir. Nov. 3, 2011) (noting that "*pro se* litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant."); *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980) ("Even pro se litigants are under an obligation to obey discovery orders.").

FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2) "authorizes a district court to dismiss an action if a party 'fails to obey an order to provide or permit discovery.'" *Welch v. Comcar Indus.*, 139 F. App'x 138, 139 (11th Cir. 2005).  Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 37(d), "a court may sanction a party who, after being served with proper notice, fails to appear for [her] deposition." *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913 (11th Cir. 2010).  "Dismissal of the action is listed as an appropriate sanction for the party's failure to appear for the deposition." *Id.*  "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do . . . ." *Hashemi v. Campaigner Publ'ns Inc.*, 737 F.2d 1538, 1538-39 (11th Cir. 1984).  Nevertheless, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to 'flagrant disregard and willful disobedience' of the court's discovery orders." *Id.* at 1539 (quoting *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1167 (5th Cir. 1981)); *see also Moon*, 863 F.2d  at 837 ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) ("When a party

demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion.").

Here, plaintiff has established a pattern of flagrant disregard for, and noncompliance with, the court's discovery orders. On September 14, 2011, defendant served its first request for production of documents and first set of interrogatories on plaintiff.  (Docs. 20-1, 20-2)  The court's September 29, 2011, scheduling and mediation order (doc. 14) set October 12, 2011, as the deadline for parties to provide initial disclosures pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1).  In contravention of the scheduling and mediation order, plaintiff has yet to respond to defendant's discovery requests or provide her initial disclosures.  Counsel for defendant mailed to plaintiff no fewer than three letters in October 2011, stressing the importance of plaintiff's responsiveness during the short discovery period and requesting dates for plaintiff's deposition.  (Doc. 20, 1-2)  Plaintiff did not respond to any of these letters.  Defendant's counsel also tried to contact plaintiff via the telephone number on file with the court, but learned that the number was no longer in service. (Doc. 20, 2)  Unable to contact plaintiff, defendant noticed her deposition for November 14, 2011.  (Doc. 24, 2)  Plaintiff did not appear for her deposition as scheduled or otherwise contact defense counsel regarding the matter.  (Doc. 24, 2)

As detailed above, the court ordered plaintiff to show cause on or before November 16, 2011, why the relief sought by defendant's motion to compel (doc. 20) should not be granted.  The court warned defendant that failure to respond would result in an order granting relief and sanctions.  Nevertheless, defendant failed to respond or explain her inability to do so.  On November 21, 2011, the court entered a second show cause order (doc. 26), directing plaintiff to show cause on or before December 8, 2011, why this action should not be dismissed, and costs assessed, for plaintiff's failure to comply with discovery, including failure to appear for her

deposition, and for failure to prosecute.  "If plaintiff does not respond," the court warned, "the undersigned will recommend that the complaint be dismissed."  To date, plaintiff has failed to respond or explain her inability to do so.

Having failed to attend her deposition, honor requests for discovery, or respond to the court's orders to show cause, plaintiff has demonstrated "'flagrant disregard and willful disobedience' of the court's discovery orders."  *See Hashemi*, 737 F.2d at 1539 (quoting *Phillips*, 633 F.2d at 1167).  Moreover, plaintiff by her conduct to date has evinced no intent to prosecute this matter any further.  The court thus determines that lesser sanctions will not suffice to compel plaintiff's future cooperation.  Accordingly, the court recommends that this cause be dismissed without prejudice pursuant to FEDERAL RULES OF CIVIL PROCEDURE 37(b)(2), 37(d), and 41(b), for failure to obey discovery orders, failure to attend a duly noticed deposition, and failure to prosecute and comply with court orders.  *See Moon*, 863 F.2d  at 837 (providing for "dismissal upon disregard of an order, especially where the litigant has been forewarned").

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."  *Gratton*, 178 F.3d at 1374.  Further, "Rule 37 sanctions were designed 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  If plaintiff suffered no penalty for her recalcitrance and neglect, there would be little or no disincentive for her attempt to wage future litigation in a similar manner.  This court must not allow such conduct to go unpunished.  *See Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674 (11th Cir. 2006)

("Permitting such behavior enables litigants to 'flout' the court's discovery orders and needlessly delay the case.").

Accordingly, it is ORDERED:

That the motion to compel (doc. 20) be DENIED as moot.

And it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to obey discovery orders, failure to attend her deposition, and failure to prosecute and comply with orders of the court.

2. That the motion to dismiss (doc. 24) be GRANTED in part, to the extent that this cause be dismissed without prejudice.

3. That the clerk be directed to close the file.

DONE AND ORDERED this 5th day of January, 2012.


/s/ *Charles J. Kahn, Jr.*

CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE



NOTICE TO THE PARTIES


Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).